**KEELER BRASS COMPANY,**
**Plaintiff–Appellant,**

v.

**CONTINENTAL BRASS COMPANY;**
**Everett Bryant Sales, Inc.,**
**Defendants–Appellees.**

No. 88–3524.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1988.
Decided Dec. 7, 1988.

John Everett McGarry (Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., Jack W. Floyd, Floyd, Greeson, Allen & Jacobs, Greensboro, N.C., on brief), for plaintiff-appellant.

James Thomas Williams, Jr. (R. Marshall Merriman, Jr., Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., on brief), for defendants-appellees.

Before WINTER, Chief Judge, and PHILLIPS and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

Keeler Brass Company appeals from a judgment of the district court in favor of Continental Brass Company and Everett Bryant Sales, Inc., after a bench trial of its action for copyright infringement. We affirm.

Keeler is a designer and manufacturer of decorative hardware for furniture. Continental is a manufacturer of similar types of furniture hardware. Everett Bryant Sales is a sales agent for Continental. It employs Lynn Fouts, a designer, who designed the "drawer pull," which generated the controversy leading to the action that we now review.

This appeal is here for the second time. The district court initially granted Keeler's motion to dismiss under Fed.R.Civ.P. 41(b), and we affirmed part of its judgment by holding that the drawer pull itself was not entitled to copyright protection. *Keeler Brass Co. v. Continental Brass Co.*, No. 86–2077, slip op. (4th Cir. Feb. 17, 1987) [812 F.2d 1401 (table)] (per curiam). We remanded the case, however, for further findings on the question of whether the "defendants copied plaintiff's copyrighted drawings and made the accused three-dimensional pull from the pirated material." *Id.* at 4.

On remand, the district court conducted an evidentiary trial and made legal and factual findings that Keeler had established a prima facie case of copyright infringement. The court found, however, that Continental and Everett Bryant had rebutted the presumption of copying established by Keeler's prima facie case with evidence of independent creation. It then concluded that Keeler did not sustain its ultimate burden of proving a copyright infringement. *Keeler Brass Co. v. Continental Brass Co.*, 678 F.Supp. 1190 (M.D. N.C.1988). The issue on appeal is whether the district court's findings of fact were

clearly erroneous, and we find that they were not.

In June 1983, a Keeler designer created a design for ornamental hardware. His drawing depicted a front and side view of a drawer pull expressing a particularized oriental design. A copyright notice was placed on the drawing. Later in the summer of that year, a Keeler representative showed the drawing to John Roser, a furniture designer, who was working to create an oriental bedroom suite for the Singer Furniture Company. Roser considered using the Keeler drawer pull on the furniture that he was designing for Singer.

Apparently for competitive reasons, however, Roser later met with Lynn Fouts, an Everett Bryant hardware designer, concerning possible hardware for the Singer Furniture. Roser showed Fouts furniture design sketches and a "mock-up" of the drawer front with a "rout" line where the drawer pull fits onto the wooden drawer. Roser also showed Fouts a sketch of the Keeler design and asked Fouts to design a similar drawer pull. The Keeler design that Fouts saw contained no dimensions, but Fouts traced the rout line from the mock-up showing the bottom dimensions of the hardware. Roser testified that he did not remember giving Fouts a copy of the Keeler design, and Fouts testified emphatically that he never received a copy and that he never saw the technical aspects of the Keeler design. According to Fouts, he took away from the meeting only a tracing of the Singer drawer front containing marks for screw holes and a rout line where the bottom of the hardware was to fit. Fouts then produced several drawings for Roser's consideration. Roser chose one of the drawer pull drawings for the Singer furniture, and Continental manufactured the drawer pulls which it sold to Singer.

Keeler's evidence established similarities between the Keeler design and the one ultimately designed by Fouts and used by Continental. The designs show that both back plates have similar exterior dimensions with indentations on the bottom corners and receptacles for attaching screws three inches apart. Both drawer pulls also have bails with a "key" design. Continental and Everett Bryant, however, introduced the testimony of Roser and Fouts to show the differences between the two designs. For example, the Continental design has more curve across the bottom and the top. It has a wider bail with a different shape. It has different finger holes. In addition, the Continental design is more ornate than the Keeler design.

■ In essence, a plaintiff must establish two elements in a copyright infringement action: ownership of the copyright by the plaintiff and copying by the defendant. 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 13.01 (1988). Plaintiff's copyright was not disputed, and the district court recognized the ownership. The court, however, resolved the remaining issue of copying in favor of the defendants, Continental and Everett Bryant.

■ As most courts have recognized, persuasive direct evidence of copying is seldom available to a plaintiff in an infringement controversy. For that reason, courts have generally accepted circumstantial evidence to create a presumption of copying. To raise this presumption, the plaintiff must show that the alleged copier had access to the material and that the original material and the alleged copy are substantially similar. *See, e.g., M. Kramer Manufacturing Co. v. Andrews*, 783 F.2d 421, 445 (4th Cir.1986). The defendant then must produce evidence to rebut the presumption of copying made by the showing of access and substantial similarity. For example, the defendant may rebut the presumption with evidence of independent creation. *See, e.g., Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir.1982).

■ Keeler argues that, once a copyright infringement plaintiff has established a prima facie case by showing access and substantial similarity, an accused infringer defendant relying on proof of independent creation then has the burden of proving that defense. To support this contention, Keeler cites two cases from the Ninth Circuit Court of Appeals, *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d

1001 (9th Cir.1985), *cert. denied,* 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986), and *Kamar International, Inc. v. Russ Berrie & Co.,* 657 F.2d 1059 (9th Cir.1981). We recognize that *Transgo* and *Kamar International* appear to have language that might be interpreted as shifting the burden of persuasion to the defendant under those circumstances. If that is the purport of those decisions, however, we disagree with their conclusions. We see no reason to establish a proof scheme for copyright infringement cases varying so drastically from normal proof requirements.

■ Presumptions, of course, are inherent in many types of civil litigation, and they frequently arise from the plaintiff's establishment of a prima facie case. When a plaintiff successfully creates a presumption, he not only satisfies his burden of going forward but also shifts that burden to the defendant. The defendant then must rebut the presumption to satisfy his burden of going forward. If the defendant fails to introduce sufficient evidence to rebut the presumption, the plaintiff might prevail on the strength of the presumption. When the defendant introduces sufficient rebuttal evidence, however, the fact finder then will consider all of the evidence on the issue. Regardless of these proof schemes, the burden of persuasion normally remains on the plaintiff for his claim throughout the trial. *See* Fed.R.Evid. 301. In the usual civil case, therefore, the plaintiff has the burden to persuade the trier of fact that the existence of the proposition to be proved is more probably true than not true. *See, e.g., Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1120 (2d Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

In our view, a logical analysis of probative values in infringement cases requires the same result. The establishment of a prima facie case creates a presumption of copying which can be rebutted. *See, e.g., Original Appalachian Artworks, Inc.,* 684 F.2d at 829 ("[P]roof of access and substantial similarity raises only a presumption of copying which may be rebutted by the de-

fendant with evidence of independent creation."). A plaintiff, of course, is not limited to presenting minimal evidence establishing a prima facie case. If the defendant meets his burden of going forward by successfully rebutting the presumption of copying, however, the function of the fact finder then is to weigh all the evidence, keeping in mind that the plaintiff has the ultimate burden of persuading it that the defendant copied the material.

Contrary to Keeler's argument, "independent creation" is not an affirmative defense. The defendants, therefore, do not have the burden of persuasion for independent creation. Keeler's prima facie case advanced the proposition that the defendants copied the design. Evidence of independent creation simply tends to prove the reverse of that proposition, *i.e.,* that the design was not copied. The Eleventh Circuit recently explained:

A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.... "An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case; as such, they are derived from the common law plea of 'confession and avoidance.' On the other hand, some defenses negate an element of the plaintiff's *prima facie* case; these defenses are excluded from the definition of affirmative defense in Fed.R.Civ.P. 8(c)."

*In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir.1988) (citations omitted); *see also Miller v. Universal City Studios, Inc.,* 650 F.2d 1365, 1375 (5th Cir. 1981) ("If [the] defendant offers evidence of independent creation, the plaintiff has the burden of proving that the defendant in fact copied the protected material."); *cf. Association of American Medical Colleges v. Mikaelian,* 571 F.Supp. 144, 151 (E.D.Pa. 1983) (an example of an affirmative defense in a copyright case), *aff'd,* 734 F.2d 3 (3d Cir.1984).

■ Continental and Everett Bryant, by introducing the testimony of Roser and Fouts, met their burden of producing evidence of independent creation to rebut the presumption created by Keeler's prima fa-

cie case. The evidentiary phase of the trial was then complete. The function of the district court acting as a fact finder was to determine, by weighing all of this evidence, if Keeler had sustained its ultimate burden of persuasion. The district court, based on its factual findings, concluded that Keeler did not sustain this burden. Specifically, it found that Fouts' testimony was credible and persuasive. Fouts stated that he did not copy the initial drawing; that he did not use it during the design process; that he created his design from his prior experience in the marketplace, which included knowledge of the primary design element in both drawings—the Chinese key, a common design element from antiquity. The district court was also persuaded by the significant dissimilarities between the two drawings. Fouts' testimony that he did not copy the Keeler work combined with the evidence of dissimilarity certainly supports a finding negating copying.

As we have indicated, the district court, in our view, was entirely correct in its interpretation of evidentiary rules applicable to a copyright infringement case of this nature. Its factual findings considered under those standards, of course, can be reversed only if they are clearly erroneous. *Anderson v. City of Bessemer*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Considering the evidence, we cannot conclude that the district court was clearly erroneous in finding that Lynn Fouts did not copy the Keeler design.

The judgment of the district court, therefore, is affirmed.

AFFIRMED.