905 F.2d 1529
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COLLINS & AIKMAN CORPORATION, Plaintiff-Appellant,
v.
CARPOSTAN INDUSTRIES, INCORPORATED, Defendant-Appellee.
 No. 89-1553.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1990.
Decided May 11, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. Clyde H. Hamilton, United States District Judge. (CA-89-1875-15-4)
 Steven B. Pokotilow, Blum Kaplan, New York City (Argued), for appellant. Laura E. Goldbard, Michele P. Schwartz, Blum Kaplan, New York City, James H. Ritchie, Jr., Howell & Spears, Spartanburg, S.C., on brief.
 Ralph Bailey, Jr., Bailey & Hardaway, Greenville, S.C., for appellee.
 D.S.C., 720 F.Supp. 561.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and HIRAM H. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Collins & Aikman Corporation (Collins) brought this copyright infringement action claiming that Carpostan Industries (Carpostan) copied and marketed one of Collins' furniture fabrics. After a consolidated preliminary injunction hearing and bench trial, the district court concluded that Collins had failed to prove that Carpostan had infringed Collins' copyright. Collins & Aikman Corp. v. Carpostan Indus., 720 F.Supp. 561 (D.S.C.1989). Collins appeals and we affirm.
 
 
 2
 * In 1988, Collins created APPARITION, a furniture upholstery fabric that resembles natural silk suiting material, and registered a copyright on the design. APPARITION was exhibited at the High Point, North Carolina, furniture market in April and October 1988. Carpostan design executive Lawrence Hollingsworth admitted that during the October market he saw APPARITION displayed in showrooms and received a swatch of the fabric.
 
 
 3
 Also during the October 1988 furniture market but before seeing APPARITION, Hollingsworth met with Maree Hanson, merchandise manager for Bauhaus Designs Canada, who asked Carpostan to produce an upholstery fabric with a silk suiting look. Hanson specifically requested Hollingsworth to use a light, shiny yarn from an already-created Carpostan fabric, RICKSHAW, and a nubby black yarn characteristic of silk suiting fabric. The district court found that Hollingsworth decided during the conversation with Hanson that he could achieve the look she desired by using the yarns she had selected with the warp and weave of another Carpostan design, BANCROFT. After the High Point market, Hollingsworth returned to his company's facility in South Carolina and physically created the desired fabric design on October 28, 1988. It was named SWANKY. It is in the creation of SWANKY that Collins claims Carpostan infringed the APPARITION copyright.
 
 II
 
 4
 Two elements are necessary to establish a case of copyright infringement: ownership of a valid copyright by the plaintiff and copying by the defendant. Keeler Brass Co. v. Continental Brass Co., 862 F.2d 1063, 1065 (4th Cir.1988). Here, the district court found a valid copyright in APPARITION and this finding is not challenged. The issue we consider is whether the district court erred in finding that Collins had not proved that Carpostan copied APPARITION when it created SWANKY. As we noted in Keeler Brass, 862 F.2d at 1065, a plaintiff can seldom provide direct evidence of copying by the defendant, so courts have adopted a two-pronged circumstantial proof scheme which may create a rebuttable presumption of copying. See also M. Kramer Mfg. Co. v. Andrews, 783 F.2d 421, 445 (4th Cir.1986). To raise this presumption, a plaintiff must prove that the defendant had access to the design claimed to be copied and that the two designs are substantially similar. Keeler Brass, 862 F.2d at 1065; Kramer, 783 F.2d at 445; 3 M. Nimmer & D. Nimmer, Nimmer on Copyright Sec. 13.01[B] (1989). The defendant may produce evidence tending to rebut the presumption of copying by showing independent creation. Keeler Brass, 862 F.2d at 1066. "If the defendant meets his burden of going forward by successfully rebutting the presumption of copying, however, the function of the fact finder then is to weigh all the evidence, keeping in mind that the plaintiff has the ultimate burden of persuading it that the defendant copied the material." Id.
 
 
 5
 Here, the trial court held that Collins established a presumption that Carpostan had copied the design by showing that Carpostan had access to APPARITION prior to creating SWANKY and that the two designs were substantially similar. However, based on evidence consisting primarily of Hollingsworth's testimony and a view of the fabrics, the court held that Carpostan had rebutted the presumption by producing evidence that SWANKY was independently created. The court then concluded:
 
 
 6
 After examining all the evidence, weighing the credibility of the witnesses, studying the applicable law, and after considering the arguments of counsel, the court finds that plaintiff failed to prove by a preponderance of the evidence that defendant copied its APPARITION design. Therefore, the court must also find that plaintiff failed to establish that defendant infringed its copyright.
 
 
 7
 Collins & Aikman, 720 F.Supp. at 566.
 
 
 8
 On this appeal, Collins correctly states that a mental impression or idea cannot be the object of a valid copyright. Mazer v. Stein, 347 U.S. 201, 217 (1954); 17 U.S.C. Sec. 102(b). It is only the physical or "fixed" embodiment of the idea or mental impression that can be the object of a copyright.[1] Collins contends that the district court erroneously concluded that Carpostan "mentally" created SWANKY when Hollingsworth conceived the underlying idea after his conversation with Hanson and before his viewing of the APPARITION design.
 
 
 9
 In this, Collins not only misconstrues the district court opinion, but also seeks to extend unduly the well-recognized and simply applied principle of copyright law requiring "fixation." "Fixation" or physical embodiment is a requirement imposed in the statutory copyrighting process. 17 U.S.C. Sec. 102(a). Here, there is no contest concerning the validity of a copyright. The issue is whether Carpostan infringed Collins' right by copying the APPARITION design when Hollingsworth created SWANKY on October 28. In this context, evidence of the design's origin,[2] its technical composition,[3] its similarity vel non to the plaintiff's design, and comparable designs and their vogue in the industry, were all competent evidence probative of copying on the one hand or independent creation on the other. Cf. Miller v. Universal City Studios, 650 F.2d 1365, 1375 (5th Cir.1981). The issue, therefore, is not one of law--the trial court recognized and applied the correct law--but one of fact. The district court, summarizing, remarked that "the overwhelming evidence in this record supports the court's finding that the designers of APPARITION and SWANKY worked independently to achieve the same goal...." Collins & Aikman, 720 F.Supp. at 564. However the evidence is characterized, we certainly are not able to say that the district court was clearly erroneous in this finding. See Keeler, 862 F.2d at 1067; Knickerbocker Toy Co. v. Azrak-Hamway Int'l, 668 F.2d 699, 702-03 (2d Cir.1982).
 
 III
 
 10
 Collins also contends that the district court erred in its resolution of evidentiary and procedural issues. First, in this context, it urges that the trial court committed reversible error by citing in its opinion the affidavit of Maree Hanson, which was not properly before the court. However,
 
 
 11
 [i]t has long been settled that an appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made.
 
 
 12
 Multi-Medical Convalescent & Nursing Center v. NLRB, 550 F.2d 974, 977 (4th Cir.) (footnote omitted), cert. denied, 434 U.S. 835 (1977). The district court's decision clearly turned on its acceptance of Hollingsworth's testimony. The citation of the Hanson affidavit was, at most, harmless error.
 
 
 13
 Lastly, Collins urges that the consolidation of the preliminary injunction hearing with the trial on the merits was premature. However, the record reveals that Collins consented to this consolidation. Despite Collins' contention that its agreement was premised on the understanding that the Hanson affidavit would not be considered by the court, the record demonstrates that Collins was much more receptive to the idea of consolidation than Carpostan. It is also clear that Collins did not view the Hanson affidavit as critical.
 
 
 14
 In view of the above, the judgment of the district court is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The Copyright Act defines both "creation" and "fixation":
 A work is "created" when it is fixed in a copy or phonorecord for the first time; where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time....
 * * *
 A work is "fixed" in a tangible medium of expression when its embodiment in a copy or phonorecord ... is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration.
 17 U.S.C. Sec. 101.
 
 
 [2]
 Collins urges that the district court erred in crediting the testimony of Hollingsworth, asserting that his evidence was self-serving and therefore inherently unreliable. Alternatively, Collins asserts that Hollingsworth may have innocently copied the design from memory. But Hollingsworth described in detail the design process he employed, including his reliance on pre-existing Carpostan fibers and weaves. The district court found this testimony of independent creation believable and persuasive. Credibility assessments are the province of the trial court and we see no basis to disturb its finding. Cf. Keeler Brass, 862 F.2d at 1067
 
 
 [3]
 Collins also complains that the district court improperly considered the dissimilarity in technical design of the two patterns, urging that the test of substantial similarity is governed by the ordinary observer standard, i.e., that which would appear similar to a lay observer. Again, Collins correctly states the general rule but misapplies it here. The district court recognized the appropriate rule for comparison expressed long ago in Peter Pan Fabrics v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir.1960) (Hand, J.), and for the purpose of invoking the presumption of copying found that there was substantial similarity between the two fabrics. There is nothing incongruous, however, in considering the difference in technical design for a different evidentiary purpose--in resolving the issue of independent creation