UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CEZANNE C. DALLIER,
Plaintiff-Appellant,

v.

LEVI STRAUSS & COMPANY; FOOTE,
CONE & BELDING COMMUNICATIONS,
INCORPORATED,
Defendants-Appellees.

No. 95-2551

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-70-A)

Argued: April 3, 1996

Decided: May 28, 1996

Before ERVIN, Circuit Judge, LAY, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit, sitting by
designation, and TRAXLER, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Bernard Lawrence Sweeney, BIRCH, STEWART,
KOLASH & BIRCH, L.L.P., Falls Church, Virginia, for Appellant.
Henry Lowell Mason, III, SIDLEY & AUSTIN, Chicago, Illinois, for

Appellees. **ON BRIEF:** Robert J. Kenney, BIRCH, STEWART, KOLASH & BIRCH, L.L.P., Falls Church, Virginia, for Appellant. Michael V. Casaburi, SIDLEY & AUSTIN, Chicago, Illinois; Ann K. Adams, SIDLEY & AUSTIN, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cezanne Dallier appeals the district court's[1] grant of summary judgment to Levi Strauss & Co. ("Levi's") and Foote, Cone & Belding, Inc. ("FCB") on her claim of copyright infringement and pendent state law claims of breach of implied contract and unfair competition.

Copyright Infringement

Dallier alleges that Levi's and FCB, Levi's advertising agency, infringed her copyright by copying a number of advertising storyboards--which she submitted to Levi's during a teaser campaign soliciting advertising ideas for Levi's 501 Button-Fly Jeans--for a subsequent Levi's "Jeans For Women" advertising campaign. A successful copyright infringement claim must show "ownership of the copyright by the plaintiff and copying by the defendant." Keeler Brass Co. v. Continental Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988). If there is no direct evidence of copying, a plaintiff may prove a prima facie case of copying by showing that the defendant had access to the copyrighted material and the defendant's product is substantially similar to the copyrighted material. Id. Dallier does not offer any direct evidence of copying by the defendants, but contends she has presented sufficient evidence of a prima facie case of copying to sustain her claim.

_____

[1] The Honorable Claude M. Hilton, United States District Judge for the Eastern District of Virginia.

2

Levi's and FCB deny the allegations and have offered evidence of independent creation. The defendants also urge that Dallier has not made a showing of a prima facie case because the "Jeans For Women" advertising materials are not substantially similar to Dallier's copyrighted materials. The district court ruled that Dallier failed to produce any evidence to rebut the defendants' claim of independent creation and also failed to show substantial similarity. After reviewing the briefs and the record, we agree with the district court that the advertisements are not substantially similar to Dallier's copyrighted materials, and thus we conclude that Dallier failed to make a prima facie showing of copying.

The substantial similarity test involves two prongs: first, an objective test comparing the ideas, or patterns, themes, organization, and other objective details, of the copyrighted materials with the alleged copy; and second, a subjective test comparing the expression of those ideas, or the "total concept and feel," of the two works from the perspective of the intended audience. See Dawson v. Hinshaw Music Inc., 905 F.2d 731, 732-33 (4th Cir.), cert. denied, 498 U.S. 981 (1990); Litchfield v. Spielberg, 736 F.2d 1352, 1356 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985); cf. Shaw v. Lindheim, 919 F.2d 1353, 1357 (9th Cir. 1990) (noting the expansion of the objective test to "encompass all objective manifestations of creativity"). Dallier urges she has shown the copyrighted materials and the alleged copies are substantially similar because they both depict women, in similar poses, wearing jeans while engaged in "various activities." In addition, Dallier contends, both the storyboards and the advertisements use distinctive spot blue coloring on the jeans in contrast with the rest of the drawings, which are in black and white. Finally, Dallier argues that one of the Levi's advertisements, J.A. 285, which features a barefoot woman with long hair "in a deep crouch or seated position, holding her left leg with her left arm," is particularly similar in positioning to the female character in one of her storyboards, J.A. 302.

Analyzing the objective details of Dallier's storyboards and the Levi's advertisements, we find no substantial similarity that would allow a jury to find copying without direct evidence of copying. First, the Levi's advertisements use an abstract form of presentation resembling the art work of Henri Matisse, whereas Dallier's storyboards feature realistic drawings of actual women intended to appear in tele-

3

vision commercials. Second, the Levi's advertisements mostly place women in various acrobatic, contorted, or crouched positions, whereas Dallier's storyboards present women in more typical standing or sitting positions. Third, the blue in the Levi's advertisements is a solid dark blue on the jeans, whereas the blue in Dallier's storyboards is lightly sketched onto the jeans. Fourth, there is no obvious similarity in the "activities" in which the female characters are engaged. Fifth, to the extent that the common use of spot blue coloring on jeans suggests Levi's borrowed a thematic concept from Dallier, this fact can readily be explained by the widespread use of spot coloring in advertising and the nature of the product to be sold, i.e., blue jeans, and thus is not sufficient to allow a jury to infer copying. See, e.g., Aliotti v. R. Dakin & Co., 831 F.2d 898, 901 (9th Cir. 1987) (summary judgment proper where similarities in stuffed dinosaurs result only "from either the physiognomy of dinosaurs or from the nature of stuffed animals"); Eden Toys, Inc. v. Marshall Field & Co., 675 F.2d 498, 500 (2d Cir. 1982) (summary judgment proper where similarities in stuffed toy snowmen are the result of the "traditional characteristics" of all snowmen).

Finally, the fact that the female character in one of Dallier's seven storyboards (J.A. 302) is arguably in the same position as a female character in one of Levi's several dozen advertisements (J.A. 285) does not overcome the basic differences between Dallier's storyboards and the Levi's advertisements. Given the large number of drawings involved, it is not unexpected that the positioning of the female character in one of the Levi's advertisements would bear some resemblance to one of Dallier's storyboards. Cf. Towler v. Sayles, 76 F.3d 579, 584 (4th Cir. 1996) ("[C]omparing `random similarities scattered throughout [two screenplays]' is `inherently subjective and unreliable.'" (quoting Litchfield, 736 F.2d at 1356)). Moreover, the specific drawings to which Dallier directs our attention have substantial differences that seriously undermine any possible inference of copying.[2] In summary, we find the strained resemblance between this

_____

[2] Specifically, unlike the woman in Dallier's storyboard (J.A. 302), the woman depicted in the Levi's advertisement (J.A. 285) is crouched, not sitting; is facing the ground, not looking at the audience with a smile; is bent over at the waist, not sitting erect; is grabbing her left leg solely with her left arm, not with both arms; has her left foot on the ground, not in the air; has her left leg bent, not straight; and has her right foot tucked under her body, not bent in front of her body.

4

single pair of drawings insufficient for Dallier to withstand the defendants' motion for summary judgment without direct evidence of copying to support her claims.

Pendent State Law Claims

Dallier contends that even if there is insufficient evidence of copying by the defendants, there is a triable issue of fact as to whether they used or appropriated her materials in unfair competition or in breach of an implied contract. Assuming for purposes of summary judgment that the defendants saw Dallier's storyboards and actually used generalized ideas or themes from them in developing the "Jeans For Women" campaign, although in a manner not amounting to a copyright violation, we nonetheless affirm the district court's grant of summary judgment.

Misappropriation

Dallier alleges the defendants engaged in unfair competition when they misappropriated her thematic concepts for the "Jeans For Women" advertising campaign. Under California law,[3] the elements of misappropriation are (1) plaintiff's investment of "`substantial time and money'" to develop her property, (2) defendant's appropriation of her property "`at little or no cost,'" and (3) injury to the plaintiff as a result of the defendant's action. See Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 467 (9th Cir. 1990) (quoting Balboa Ins. Co. v. Trans Global Equities, 267 Cal. Rptr. 787, 795 (Cal. Ct. App.), cert. denied, 498 U.S. 940 (1990) (quotation omitted)). It is well settled under California law, however, that "an idea is not recognized as a property right." Whitfield v. Lear, 751 F.2d 90, 92 (2d Cir. 1984) (citing Weitzenkorn v. Lesser , 256 P.2d 947, 956 (Cal. 1953) (en banc)); Desny v. Wilder, 299 P.2d 257, 265-66 (Cal. 1956) (en banc). The generalized themes and ideas in Dallier's storyboards, which the defendants allegedly misappropriated, thus provide

_____

**3** Dallier argues that Virginia law, not California law, applies, but does not cite any Virginia law governing implied contracts, nor have we found any authority under Virginia law contrary to California's laws. Because no conflict of laws is apparent, we apply California law to Dallier's state law claims.

5

no basis for an unfair competition or misappropriation claim, although such generalized themes and ideas can form the basis of a contract claim. See Whitfield, 751 F.2d at 92; Desny, 299 P.2d at 266.

Breach of Contract

If there does not exist substantial similarity between the plaintiff and the defendants' work, no breach of an implied contract can be shown. See Whitfield, 751 F.2d at 93-94; Weitzenkorn, 256 P.2d at 957-58. As we have previously held, there is no evidence of substantial similarity between the submission of the plaintiff and the defendants' advertisements and thus this claim fails as a matter of law.

Furthermore, an implied contract requires actual or constructive awareness on the part of the offeree that the goods or services are being provided "`to the offeree for sale.'" See Aliotti, 831 F.2d at 902 (quoting Faris v. Enberg, 158 Cal. Rptr. 704, 709 (Cal. Ct. App. 1979)); see also Desny, 299 P.2d at 267 (a person who uses another's valuable idea "knowing that it is tendered for a price" should compensate the person who conveyed the idea under implied contract theory). However, "no contract may be implied where an idea has been disclosed not to gain compensation for that idea but for the sole purpose of inducing the defendant to enter a future business relationship." Aliotti, 831 F.2d at 902 (citing Faris, 158 Cal. Rptr. at 709-10).

In this case, Dallier submitted her storyboards in response to Levi's teaser campaign soliciting advertising ideas from the general public. There is no evidence of an industry custom to compensate for ideas submitted in such a manner. Cf. Whitfield, 751 F.2d at 93 (industry custom to pay for actual use of unsolicited television scripts). Dallier did not negotiate for the use of her ideas, nor did she inform the defendants that her storyboards were copyrighted, and thus no request for compensation for use of her ideas may be inferred. Rather, Dallier told Levi's only that she was "interested in commercial representation with your agency" and that she "hope[d] to hear from [Levi's] soon." J.A. 308. Under these circumstances, the defendants would have reasonably read this statement not as a demand for present compensation for her ideas, but as a request for a future business relationship. Thus, Dallier's claim for breach of an implied contract fails as a matter of law.

6

For the reasons stated, the judgment is

<u>AFFIRMED</u>.

7