UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAGNUSSEN FURNITURE,
INCORPORATED; PRESIDENTIAL
FURNITURE (USA), INCORPORATED,
<u>Plaintiffs-Appellants,</u>

No. 96-1917

v.

COLLEZIONE EUROPA USA,
INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CA-96-340-2)

Argued: April 9, 1997

Decided: June 19, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Peter Whitlock Gowdey, CUSHMAN, DARBY &
CUSHMAN, L.L.P., Washington, D.C., for Appellants. Peter Joseph
Juran, BLANCO, TACKABERY, COMBS & MATAMOROS, P.A.,
Winston-Salem, North Carolina, for Appellee. **ON BRIEF:** Richard
L. Kirkpatrick, CUSHMAN, DARBY & CUSHMAN, L.L.P., Wash-

ington, D.C.; Mark R. Smith, James A. Medford, SMITH, HELMS, MULLISS & MOORE, L.L.P., Greensboro, North Carolina, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Magnussen Furniture, Inc. and Presidential Furniture (USA), Inc. (collectively "Magnussen"), appeal from the refusal of the district court to enjoin Collezione Europa USA, Inc. (Collezione), from manufacturing and marketing a line of iron tables. Magnussen sought injunctive relief pursuant to Rule 65(a) of the Federal Rules of Civil Procedure on the basis of its copyright infringement claim. Finding that Magnussen was unlikely to succeed on the merits of its claim, the district court denied Magnussen's motion for a preliminary injunction. We affirm.

I.

Magnussen and Collezione are competitors in the "value" furniture industry. Both companies sell a line of iron tables that share similar design features, such as curved legs and support frames, "web" and "ring" shapes around the aprons, and glass tops. Magnussen introduced its line of iron tables in the fall of 1993, and Collezione introduced its line the following year. At neither time did Magnussen obtain either a copyright or a design patent on the table design.

By 1995, Magnussen realized it was losing business to Collezione. In early 1996, Magnussen demanded that Collezione cease production of its line of iron tables. Magnussen claimed intellectual property rights, including a copyright, in the design of the table. Noting that no known copyright existed, Collezione refused to cease production.

2

Undeterred, Magnussen filed a copyright registration application with the United States Copyright Office, and was issued a Certificate of Registration by the Registrar of Copyrights. Shortly thereafter, Magnussen brought a copyright infringement suit against Collezione.

Based on its copyright infringement claim, Magnussen moved for a preliminary injunction. In considering Magnussen's motion, the district court balanced the probable harm to Magnussen if relief was denied against the probable harm to Collezione if relief was granted. After finding the probable harm to each party to be equal, the district court considered whether Magnussen was likely to succeed on the merits of its copyright infringement claim. The district court found that Magnussen was unlikely to succeed on the merits of its copyright infringement claim and therefore denied Magnussen's motion for a preliminary injunction. This appeal followed.

II.

In deciding whether to grant or deny a preliminary injunction, a district court should consider four factors: (1) the plaintiff's likelihood of success on the merits of the underlying dispute; (2) the possibility of irreparable harm to the plaintiff if relief is denied; (3) the harm to the defendant if an injunction is issued; and (4) the public interest. See Blackwelder Furniture v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977). Nonetheless,

> [t]he two more important factors are those of probable irreparable injury to [the] plaintiff without a decree and of likely harm to the defendant with a decree. If that balance is struck in favor of [the] plaintiff, it is enough that grave or serious questions are presented; and [the] plaintiff need not show a likelihood of success.

Id. However, if that balance is not struck in favor of the plaintiff, the importance of showing a likelihood of success on the merits increases. See id. at 195. In fact, such a showing can be decisive. See id.

We review the district court's denial of Magnussen's motion for a preliminary injunction for abuse of discretion. See Quince Orchard

3

Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 78 (4th Cir. 1989). A district court abuses its discretion "`by applying an incorrect preliminary injunction standard, by resting its decision on a clearly erroneous finding of a material fact, or by misapprehending the law with respect to [the] underlying issues in litigation.'" Id. (quoting Goldie's Bookstore, Inc. v. Superior Court of California, 739 F.2d 466, 470 (9th Cir. 1984)).

On appeal, Magnussen does not contend that the district court applied an incorrect preliminary injunction standard. In fact, references to Blackwelder, or for that matter any case containing the correct preliminary injunction standard, are conspicuously absent from Magnussen's brief. Likewise, Magnussen does not contend that the district court rested its decision on a clearly erroneous finding of material fact. For example, Magnussen does not challenge the district court's findings regarding the probable harm to each party if an injunction is granted vel non. Rather, Magnussen argues that the district court misapprehended the law with respect to the copyrightability of the table design. Specifically, Magnussen argues that the district court erred in finding that Magnussen was unlikely to succeed on the merits of its copyright infringement claim.

In order to prevail on its copyright infringement claim, Magnussen must prove: (1) ownership of a valid copyright; and (2) copying by the defendant. See Keeler Brass Co. v. Continental Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988). Because Collezione has admitted copying, Magnussen's likelihood of success turns on the validity of its copyright.

The Copyright Act provides copyright protection for "original works of authorship fixed in any tangible medium of expression," including works of art. 17 U.S.C.A. § 102(a)(5) (West 1996). However, the Copyright Act excludes from copyright protection any "useful article," which the Act defines as any article "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C.A. § 101 (West 1996). A work of art, however, does not lose its copyrightability even if it has some utilitarian aspects so long as the art's "sculptural features . . . can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U.S.C.A. § 101.

4

In Mazer v. Stein, 347 U.S. 201 (1954), the Supreme Court held that a statue of a dancer, an original work of art, continued to be copyrightable even when it was used as the base of a lamp. Id. at 205 (noting that the statue was capable of existing independently of the utilitarian aspects of the lamp). Magnussen argues that, like the statue in Mazer, its table design is copyrightable as a matter of law because it is an original work of art, with sculptural features that can be separated from the utilitarian aspects of the table. **1** However, in Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., 74 F.3d 488 (4th Cir.), cert. denied, 117 S. Ct. 53 (1996), we noted, albeit in dicta, that most pieces of furniture are "useful articles" rather than "works of art." As we explained in Superior Form, the

> design of a unique, aesthetically pleasing chair cannot be separated from the chair's utilitarian function and, therefore, is not subject to copyright protection. But the design of a statue portraying a dancer, created merely for its expressive form, continues to be copyrightable even when it has been included as the base of a lamp which is utilitarian.

Id. at 493 (citing Mazer, 347 U.S. at 205). Like the chair (and unlike the statue) described in Superior Form, it appears that Magnussen's line of tables was not created merely for its expressive form.**2** Rather,

---

**1** To support its argument that the table is a work of art, Magnussen gives the following description of the table:

> The design features suggest concepts such as flowers, fountains and waves. With these features, the overall "look" of the tables draws the eye from the waving serpentine curls and undulating swirls below, upwards to the simpler geometric circle and bow tie-like elements angled around the apron frame. Floating in the center are eye-catching petal formations which support brass balls. The transparent glass top gives the overall effect that there is no table at all, or that the object is a work of art which is more than a mere table.

(Appellants' Br. at 10-11.)
**2** Of course, if Magnussen can demonstrate that its design was a copyrightable work of art created merely for its expressive form, the dictum in Superior Form strongly suggests that the design would continue to be copyrightable even if someone placed a glass top on it and used it as a table.

5

Magnussen's ultimate purpose, as the district court explicitly found, "was to design a table." (J.A. at 185.)[3]

Moreover, like the chair described in Superior Form, the sculptural features of the table do not appear to be conceptually separable from the table's utilitarian function. As one commentator has noted, "[c]onceptual separability exists where there is any substantial likelihood that even if the article had no utilitarian use it would still be marketable to some significant segment of the community simply because of its aesthetic qualities." Nimmer on Copyright, § 2.08(B) at 2-101. Although that was true of the statue in Mazer, the record contains no evidence that anyone, let alone some significant segment of the community, would purchase the frame of one of Magnussen's tables solely for its aesthetic qualities.[4]

Based on the record at this preliminary stage of the litigation, it would appear that Magnussen's iron tables are noncopyrightable useful articles, like the chair described in Superior Form, rather than copyrightable works of art, like the statue at issue in Mazer.[5] Without a valid copyright, Magnussen will not prevail on its copyright infringement claim. Accordingly, the district court did not abuse its discretion in denying Magnussen's motion for a preliminary injunction.[6]

_____

[3] The district court also found "that an objective observer is not likely to see it as anything but a table; a nice-looking, well-designed table, and one they might want to have, but nevertheless a table." (J.A. at 184.)

[4] As Collezione notes, "[t]he tables are not sold through art galleries as artistic creations, but are marketed through the normal channels of furniture distribution as functional items." (Appellee's Br. at 26.)

[5] Even if it were clear that Magnussen's tables were works of art, it is far from clear that the table's design is original. See 17 U.S.C.A. § 102(a)(5) (West 1996) (Copyright Act protects original works of art). There is evidence in the record suggesting that Magnussen copied the design elements from a line of tables sold by Bassett.

[6] Moreover, preliminary injunctions should be granted only in cases which "clearly demand" such interim relief. See Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 811 (4th Cir. 1991). Here, there is little, if any, evidence suggesting that Magnussen needs interim relief. Magnussen knew about Collezione's table line when it was introduced in 1994 and did nothing. In fact, Magnussen did not seek copy-

6

III.

For the foregoing reasons, we affirm the decision of the district court denying Magnussen's motion for a preliminary injunction.

AFFIRMED

_____

right protection for its own line of tables for an additional 16 months. Frankly, Magnussen's purported need for immediate relief is belied by its own delay in bringing this action. See Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 80 (4th Cir. 1989) (noting that when "an application for [a] preliminary injunction is based upon an urgent need for the protection of [a] Plaintiff's rights, a long delay in seeking relief indicates that speedy action is not required" (quotations omitted)).

7