**GRADUATE MANAGEMENT ADMISSION COUNCIL,**
Plaintiff,

v.

**RVR Narasimha RAJU, d/b/a "Gmatplus.com,"**
Defendant.

**No. CIV.A.02–581–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 19, 2003.

See also 241 F.Supp.2d 589.

506

Joseph Edward Hartmen, Fulbright & Jaworski, LLP, Washington, DC, for Plaintiff.

### *ORDER*

ELLIS, District Judge.

Upon consideration of the March 14, 2003 Report and Recommendation of the United States Magistrate Judge designated to conduct a hearing in this matter, no objections having been filed, and upon an independent review of the record, it is hereby **ORDERED** that the Court adopts the findings of fact and recommendations of the United States Magistrate Judge, as set forth in the March 14, 2003 Report and Recommendation.

Accordingly, it is hereby **ORDERED** that judgment is **ENTERED** by default in favor of plaintiff and against defendant in the total amount of $3,500,000.

It is further **ORDERED** that, pursuant to 17 U.S.C. § 502, defendant, his agents, servants, employees, attorneys, assigns and all persons in concert or participation with him are **PERMANENTLY EN-JOINED AND PROHIBITED** from infringing in any manner on GMAC's existing or future copyrights and from copying, duplicating, distributing, displaying, selling, adapting, publishing, reproducing, preparing derivative works based on, renting, leasing, offering or otherwise transferring or communicating in any manner, orally or in written, printed, photographic, or any other form, any test questions that are identical or substantially similar to actual, copyrighted GMAT test questions or any other copyrighted material obtained from GMAC's tests, test forms, computer-based item pools, or any other source, or aiding abetting or licensing any other person to do the same.

It is further **ORDERED** that, pursuant to 17 U.S.C. § 503(b), defendant is **DI-RECTED** to destroy all copies of GMAT test questions and related materials found to have been made or used in violation of the plaintiff's exclusive copyright rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to file a pleading with the Court certifying that he has done so.

It is further **ORDERED** that, pursuant to 15 U.S.C. § 1116, defendant is **PER-MANENTLY ENJOINED AND PRO-HIBITED** from using the GMAT trademark or any other mark or domain name substantially similar thereto in advertising or selling any goods or services; using registering or holding registrations for the domain names <gmatplus.com> and <gmatplus.net>, as well as any other domain name or mark that includes the mark GMAT, any other mark owned by GMAC, or any confusingly similar mark; from unfairly competing with GMAC, diluting the distinctiveness of GMAC's marks, and otherwise injuring GMAC's business reputation.

It is further **ORDERED** that, pursuant to 15 U.S.C. § 1118, defendant is **DI-RECTED** either to deliver to plaintiff or destroy all software, computer screen printouts, advertisements, labels, signs, prints, packages, wrappers, receptacles, and all other materials in his possession or under his control that resemble or bear

the name or mark GMAT or domain names <gmatplus.com> and <gmatplus.net> or any other name or mark containing the term "GMAT" or any other reproduction, counterfeit, copy or colorable imitation of GMAC's service marks and trademarks and all plates, molds, matrices and other means of making or duplicating the same, and to file a pleading with the court certifying that he has done so.

It is further **ORDERED** that, pursuant to 15 U.S.C. § 1125(d), defendant is **DIRECTED** to take all steps necessary to transfer the domain names <gmatplus.com> and <gmatplus.net> to GMAC, and that defendant is **PERMANENTLY ENJOINED AND PROHIBITED** from displaying on any web site without GMAC's consent these domain names, any other domain names or marks that include the GMAT mark, and any other mark owned by GMAC or confusingly similar to such mark. It is further **ORDERED** that, should defendant fail to comply with this transfer order, the current registrars, DomainPeople, Inc. and Enom, Inc., or any subsequent registrars with which the domain names <gmatplus.com> and <gmatplus.net> are registered, are **DIRECTED** to take all steps necessary to transfer the domain names <gmatplus.com> and <gmatplus.net> to plaintiff. It is further ORDERED that, should the applicable registrars fail to comply with this transfer order, the ".com" and ".net" registry, VeriSign, Inc., is **DIRECTED** to take all steps necessary to transfer the domain names <gmatplus.com> and <gmatplus.net> to plaintiff.[1]

It is further **ORDERED** that plaintiff is awarded reasonable attorneys' fees and costs.

The Clerk is directed to send a copy of this Order to all counsel of record.

## REPORT AND RECOMMENDATION

WELTON CURTIS SEWELL, United States Magistrate Judge.

This matter came on for hearing on March 7, 2003 for *ex parte* proof of damages following default. On April 24, 2002, Plaintiff Graduate Management Admission Council ("GMAC") initiated this action against Defendant RVR Narasimha Raju, d/b/a GMATPLUS.com ("Raju") alleging copyright infringement, federal trademark infringement, trademark dilution, cyberpiracy and federal unfair competition. That same day the Clerk of the Court mailed a summons and copy of the complaint to Raju via international registered mail. Raju was required to plead or otherwise defend this lawsuit on or before May 14, 2002. Raju has not answered or entered an appearance.

## I. *FACTS*

Based on the Complaint and documents submitted in proof of damages, the magistrate judge finds as follows:

GMAC is a non-profit Virginia corporation formed as a supporting organization for university business schools. GMAC develops and owns all rights to the Graduate Management Admission Test ("GMAT"). The GMAT is used to assess the qualifications of applicants by approximately 1,700 graduate business management programs. The GMAT test forms and questions created by GMAC are original, copyrightable materials, and GMAC enjoys exclusive rights to copy, distribute, display, publish and prepare derivative works. GMAC routinely registers all of its test forms and questions with the Register of Copyrights.

---

1. *See America Online, Inc. v. Aol.org*, 259 F.Supp.2d. 449 (E.D.Va.2003); *GlobalSan-* *taFe Corp. v. GlobalSantaFe.com*, 250 F.Supp.2d 610 (E.D.Va.2003).

The GMAT is a "secure" test, which means that a certain number of questions on each examination have appeared on prior examinations. Questions are repeated in order to equate test scores from one administration to another. Because they are secure, copyrighted examinations, copies of GMAT test forms and test questions are not intended to be made available to the public except during actual test administration or under such circumstances as GMAC authorizes. GMAC has published some previously administered GMAT questions to allow prospective test-takers to familiarize themselves with the types of questions contained on the GMAT.

GMAC began using the mark "GMAT" in commerce on or around November 1, 1975 and has continuously used the mark worldwide since then. As a result, the GMAT mark has amassed enormous goodwill. The GMAT mark is an inherently distinctive mark by which the public identified and recognizes the source of its products and services. In addition, the GMAT mark has acquired distinctiveness through GMAC's long use and extensive promotion of the mark and services offered under the mark. The public widely recognizes the GMAT mark and associates the mark with GMAC and its products and services.

GMAC's sales of products and services under the GMAT mark have been extensive and GMAC has spent significant sums of money developing and promoting the GMAT mark and products. The GMAT mark is famous. GMAC has developed valuable goodwill and has acquired valuable common law rights in the GMAT mark. The GMAT mark is also the subject of several United States trademark and service mark registrations. Each of the registrations is owned by GMAC and is valid, subsisting and in full force and effect.

On or about April 3, 2000, Raju registered the Internet domain name "GMATPLUS.com" with the registrar wespe.de, and Network Solutions, Inc., a private company located in Herndon, Virginia. Thereafter, Raju switched registrars by registering the domain name "GMATPLUS.com" with Domain People, Inc. On or about May 16, 2001, he registered the Internet domain name "GMATPLUS.net" with Enom, Inc. At the time the Complaint was filed, it appeared that the domain name was registered by 123Register.com.

Raju posted a web page at both sites that prominently uses and displays the term "GMATPLUS." in connection with the advertising and sale of GMAT test questions to which GMAC owns the copyrights. The web page includes claims offering "100% actual questions which were never published in any GMAT books or materials." The web page also claims that a significant percentage of test takers obtaining high scores are from India, China, Korea, Japan and Taiwan, because individuals from those countries have access to the unpublished questions.

Raju does not have a license and has not otherwise been authorized by GMAC to reproduce, publish or distribute copies of any released or unreleased GMAT test questions. Raju's use and distribution of GMAC's copyrighted materials has at all relevant times and continues to be a willful and knowing violation and infringement of GMAC's copyrights. Likewise, Raju has derived revenue through the advertising and sale of GMAC's copyrighted test questions through the internet, within this judicial district, and in interstate commerce under the domain names "GMATPLUS.com" and "GMATPLUS.net" and the mark "GMATPLUS."

In promoting his services, Raju has attempted to create the false impression that he is affiliated with, sponsored by, ap-

proved by and/or endorsed by GMAC. Raju's use of a mark similar to that owned by GMAC, for services identical to those offered by GMAC, is likely to cause confusion among prospective customers. In engaging in such infringing use, Raju knew or should have known of GMAC's prior rights in its name and mark. Raju acted unlawfully, with a willful and deliberate intent to cause confusion among the purchasing public and to injure GMAC. Raju has no trademark or other intellectual property rights in the domain names "GMATPLUS.com" and "GMAT-PLUS.net." The site posted by Raju under the domain names "GMATPLUS.com" and "GMATPLUS.net" contain no bona fide noncommercial or fair use of the GMAT mark.

## II. *FINDINGS*

The entry of default judgment is proper in this case. On September 9, 2002, the Court found that Raju had been properly served. Raju has failed to answer or otherwise appear. On January 23, 2003, the Court found that it could properly exercise personal jurisdiction over Raju. The allegations in GMAC's complaint support entry of judgment against Raju on the claims of copyright infringement, trademark infringement, unfair competition, trademark dilution, and violation of the Anti–Cybersquatting Consumer Protection Act (ACPA).

### Copyright Infringement (Count I)

■ A plaintiff must establish two elements in a copyright infringement action under 17 U.S.C. § 501(a); ownership of the copyright by the plaintiff and copying by the defendant. *Keeler Brass Co. v. Continental Brass Co.,* 862 F.2d 1063, 1065 (4th Cir.1988). GMAC has satisfied both elements. GMAC has submitted true and correct copies of the copyright registration certificates for the GMAT test questions and forms implicated in this action. Furthermore, copying is evident both from Raju's claim on his website that he provides "100% actual questions," and a side by side comparison of Raju's test materials with actual GMAT test questions. Default judgment should be entered in GMAC's favor on Count I, its copyright infringement claim.

### Trademark Infringement and Unfair Competition (Counts II & V)

■ The elements of federal trademark infringement and unfair competition are that plaintiff possesses a mark, that the defendant used the mark, that the defendant's use of the mark was in commerce, that the defendant used the mark in connection with the sale, offering for sale, distribution or advertising of goods and services, and that the defendant used the mark in a manner likely to confuse consumers. *People for the Ethical Treatment of Animals v. Doughney,* 263 F.3d 359, 364 (4th Cir.2001).

■ GMAC has satisfied these elements. GMAC is the owner of a registered trademark. Raju has used GMAC's trademark in commerce in connection with the offer of sale and sale of GMAC's testing materials, and the use is likely to cause confusion among consumers. Default judgment should be entered in favor of GMAC on Counts II (Federal Trademark Infringement) and V (Federal Unfair Competition).

### Trademark Dilution (Count III)

■ Dilution is statutorily defined as "the lessening of the capacity of a famous mark to identify and distinguish goods or services, regardless of the presence or absence of (1) competition between the owner of a famous mark and other parties or (2) likelihood of confusion, mistake or deception." *See* 15 U.S.C. § 1127. To establish

a claim of trademark dilution under 15 U.S.C. § 1125(c), a plaintiff must show that it owns valid and enforceable rights in the mark, the mark is famous and became so prior to the registration and/or use of the domain name, registration and/or use of the domain name constitutes use of the mark in commerce, and the registration and/or use of the domain name dilutes the distinctive quality of the mark. *Cable News Network, L.P. v. CNNews.com,* 177 F.Supp.2d 506, 520 (E.D.Va.2001), *aff'd in part, vacated in part on other grounds,* 56 Fed.Appx. 599 (4th Cir.2003).

■ GMAC has made the requisite showing. GMAC owns valid and enforceable rights in the GMAT mark. The mark is famous and became so prior to Raju's registration and use of the domain name, and Raju is using the GMAT mark in commerce. Raju's web sites contained the GMAT mark in its entirety, and would be immediately associated with the GMAT test. By using the GMAT mark, Raju likely diverted customers looking for the actual GMAT site to his site, diminishing the selling power of the mark. Raju has therefore diluted GMAC's famous mark. Default judgment should be entered in GMAC's favor on Count III (Federal Dilution).

### Cyberpiracy (Count IV)

■ To establish a violation of the ACPA under 15 U.S.C. § 1125(d), the plaintiff is required to prove that the defendant had a bad faith intent to profit from using the domain name and that the domain name is identical or confusingly similar to, or dilutive of, the distinctive and famous mark. *Doughney,* 263 F.3d at 367 (citing 15 U.S.C. § 1125(d)(1)(A)). Raju's intent to profit from his use of the GMAT trademark is clear. His bad faith intent is evidenced in several of the factors set forth in 15 U.S.C.A. § 1125(d)(1)(B)(ii).

The domain names include GMAC's trademark, GMAT. There is no bona fide noncommercial or fair use purpose to Raju's web site; his goal is to sell test materials. By using the name GMAT in his domain names and referring to the use of supposedly "unpublished" questions, Raju intends to divert students from legitimate GMAT web sites to his. Finally, as discussed above, the use of "GMATPLUS" in the domain names is confusingly similar and dilutive of GMAC's registered trademark "GMAT."

Default judgment should be entered in GMAC's favor on Count IV (Cyberpiracy).

## III. CONCLUSIONS

### Copyright Infringement Damages

GMAC requests statutory damages as to Count I (Copyright Infringement). Pursuant to 17 U.S.C. § 504(c)(1), the copyright owner may elect statutory damages instead of actual damages any time prior to final judgment, in a sum not less than $750.00 and no more than $30,000.00 per-infringement, as the court considers just. Where infringement is willful, the court can increase statutory damages to as much as $150,000.00 per infringed work. *See* 15 U.S.C. § 504(c)(2). GMAC seeks the maximum statutory damages for each of the copyrighted test forms whose contents were copied by Raju, twenty-two(22) in all.

■ Statutory damages are intended not merely for the restitution of profit or reparation of injury, but to deter wrongful conduct. *See N.A.S. Import Corp. v. Chenson Enters., Inc.,* 968 F.2d 250, 252 (2d Cir.1992). Raju's acts were clearly willful. GMAC seeks the maximum available in statutory damages to preserve the integrity of the GMAT examination process and deter similar actors in the future. The maximum amount of statutory damages for willful conduct is appropriate in

this case, namely, $3,300,000.00 ($150,-000.00 each for 22 separate test forms).

GMAC is also entitled to its costs and reasonable attorneys fees pursuant to 17 U.S.C. § 505. In the Fourth Circuit, whether to award attorneys' fees is determined by an examination of four factors: the motivation of the parties; the objective reasonableness of the legal and factual positions advanced; the need to advance considerations of compensation and deterrence; and any other relevant factor presented. *X–It Prods., LLC v. Walter Kidde Portable Equip., Inc.,* 227 F.Supp.2d 494, 540 (E.D.Va.2002). The factors favor an award of attorneys' fees in this case, particularly the need for deterrence.

Finally, GMAC is entitled to injunctive relief under 17 U.S.C. § 502, prohibiting Raju, his agents, servants, employees, attorneys, assigns and all persons in concert or participation with him, from infringing in any manner GMAC's existing or future copyrights and from copying, duplicating, distributing, displaying, selling, adapting, publishing, reproducing, preparing derivative works based on, renting, leasing, offering or otherwise transferring or communicating in any manner, orally or in written, printed, photographic, or any other form, any test questions that are identical or substantially similar to actual, copyrighted GMAT test questions or any other copyrighted material obtained from GMAC's tests, test forms, computer-based item pools, or any other source, or aiding, abetting or licensing any other person to do the same. GMAC is likewise entitled to an order pursuant to 17 U.S.C. § 503(b) calling for the destruction of all testing and related materials made by Raju in violation of GMAC's copyrights.

### Trademark Infringement, Unfair Competition and Cyberpiracy Damages

■ GMAC is also entitled to monetary and injunctive relief based on Raju's acts of trademark infringement, unfair competition and violation of the ACPA.

Pursuant to 15 U.S.C. § 1116, GMAC is entitled to an injunction prohibiting Raju from the following: using the GMAT trademark or any other mark or domain name substantially similar thereto in advertising or selling any goods or services; using, registering or holding registrations for the domain names "GMATPLUS.com" and "GMATPLUS.net", as well as any other domain name or mark that includes the mark GMAT, any other mark owned by GMAC, or any confusingly similar mark; from unfairly competing with GMAC, diluting the distinctiveness of GMAC's marks, and otherwise injuring GMAC's business reputation.

Additionally, pursuant to 15 U.S.C. § 1118, GMAC is entitled to an order directing Raju to deliver up and destroy all software, computer screen printouts, advertisements, labels, signs, prints, packages, wrappers, receptacles, and all other materials in his possession or under his control that resemble or bear the name or mark GMAT or domain names "GMATPLUS.com" and "GMATPLUS.net" or any other name or mark containing the term "GMAT" or any other reproduction, counterfeit, copy or colorable imitation of GMAC's service marks and trademarks and all plates, molds, matrices and other means of making or duplicating the same.

In cyberpiracy cases, a plaintiff may elect to recover statutory damages instead of actual damages and profits. The amount of statutory damages available under 15 U.S.C. § 1117(d) is not less than $1,000.00 and not more than $100,000.00 per domain name, as the court considers just. Based on Raju's blatant use of GMAC's mark in his domain names and his use of the site to market and sell

copyrighted GMAC materials, an award of the maximum statutory damages ($200,000.00) is appropriate.

Finally, GMAC is also entitled to an order that the domain names "GMATPLUS.com" and "GMATPLUS.net" be transferred to GMAC and that Raju be required to take all steps necessary to transfer the domain names "GMATPLUS.com" and "GMATPLUS.net" to GMAC, and that Raju be permanently enjoined from displaying on any website without GMAC's consent these domain names, any other domain names or marks that include the GMAT mark, and any other mark owned by GMAC or confusingly similar to such mark.

## IV. *RECOMMENDATIONS*

It is recommended that the Court enter judgment in favor of GMAC and against Raju in the total amount of $3,500,000.00 (representing $3,300,000.00 on Count I and $200,000.00 on Count IV). In addition, the following injunctive relief is recommended:

1. That the Court enter an order enjoining Raju, his agents, servants, employees, attorneys, assigns and all persons in concert or participation with him from infringing in any manner on GMAC's existing or future copyrights and from copying, duplicating, distributing, displaying, selling, adapting, publishing, reproducing, preparing derivative works based on, renting, leasing, offering or otherwise transferring or communicating in any manner, orally or in written, printed, photographic, or any other form, any test questions that are identical or substantially similar to actual, copyrighted GMAT test questions or any other copyrighted material obtained from GMAC's tests, test forms, computer-based item pools, or any other source, or aiding, abetting or licensing any other person to do the same.

2. That the Court enter an order pursuant to 17 U.S.C. § 503(b) calling for the destruction of all testing and related materials made by Raju in violation of GMAC's copyrights.

3. That the Court enter an order pursuant to 15 U.S.C. § 1116 prohibiting Raju from the following: using the GMAT trademark or any other mark or domain name substantially similar thereto in advertising or selling any goods or services; using, registering or holding registrations for the domain names "GMATPLUS.com" and "GMATPLUS.net", as well as any other domain name or mark that includes the mark GMAT, any other mark owned by GMAC, or any confusingly similar mark; from unfairly competing with GMAC, diluting the distinctiveness of GMAC's marks, and otherwise injuring GMAC's business reputation.

4. That the Court enter an order pursuant to 15 U.S.C. § 1118 directing Raju to deliver up and destroy all software, computer screen printouts, advertisements, labels, signs, prints, packages, wrappers, receptacles, and all other materials in his possession or under his control that resemble or bear the name or mark GMAT or domain names "GMATPLUS.com" and "GMATPLUS.net" or any other name or mark containing the term "GMAT" or any other reproduction, counterfeit, copy or colorable imitation of GMAC's service marks and trademarks and all plates, molds, matrices and other means of making or duplicating the same.

5. That the Court enter an order requiring Raju to transfer the domain names "GMATPLUS.com" and "GMATPLUS.net" to GMAC, and that Raju be permanently enjoined from displaying on any website without GMAC's consent these domain names, any other domain

names or marks that include the GMAT mark, and any other mark owned by GMAC or confusingly similar to such mark.

Finally, it is recommended that the Court award GMAC its reasonable attorneys' fees and costs. GMAC represents that if it is awarded fees, it will submit materials supporting the amount sought.

## V. *NOTICE*

Objections to this Report and Recommendation pursuant to 28 U.S.C. Section 636 and Federal Rule of Civil Procedure 72(b) must be filed ten (10) days after service. Failure to file such objections waives appellate review of a judgment based on this Report and Recommendation.

Dated: March 14, 2003.