**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EVERETT C. DAVIS,
            *Plaintiff-Appellant,*

and

BARBARA J. MOONEYHAM,
                  *Plaintiff,*

v.

MERIDIAN FILMS, INCORPORATED;
BENSON, BENSON & HENRIKSEN, (The
Partnership); ANNA L. M. BENSON;
CYNTHIA BENSON; MARK HENRIKSEN,
            *Defendants-Appellees.*

No. 00-1359

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-98-1885)

Argued: May 7, 2001

Decided: July 5, 2001

Before WIDENER and WILKINS, Circuit Judges, and
Arthur L. ALARCON, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

**COUNSEL**

**ARGUED:** David Edward Mills, DOW, LOHNES & ALBERTSON, P.L.L.C., Washington, D.C., for Appellant. Marcus Angelo Manos, NEXSEN, PRUET, JACOBS & POLLARD, L.L.C., Columbia, South Carolina, for Appellees. **ON BRIEF:** Michael Kovaka, Todd M. Klessman, DOW, LOHNES & ALBERTSON, P.L.L.C., Washington, D.C., for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Everett C. Davis appeals two orders of the district court that, collectively, resulted in the dismissal of his copyright and breach of contract claims against Appellees Meridian Films, Incorporated ("Meridian"), Anna L. M. Benson ("Anna"), Cynthia Benson ("Cynthia"), and Mark Henriksen ("Mark"). For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.

I.

In the early 1970s, Anna, Cynthia, and Mark opened "The Firm" exercise studios in Columbia and Charleston, South Carolina. The exercise routines at The Firm employed a then-unique combination of aerobic exercise and weight training. In the late 1970s, the three decided to create exercise videos based upon the routines. They formed Meridian and created a brochure to attract investors to the project. Anna, Cynthia, and Mark intended to create lavish video productions that would stand out from ordinary exercise videos, which were usually filmed against a plain background with a single, stationary camera. To this end, they planned to use a decorated set with

unique choreography and music composed especially for the video; multiple cameras would capture the action while providing clear views of the exercises in order to aid the viewer's understanding of the proper form.

In 1985, having obtained sufficient funding, Appellees contacted Davis to provide videography services for the first video, which was titled "The FIRM Aerobic Workout With Weights — Volume 1." J.A. 53. Ultimately, Davis provided videography services for 17 "FIRM" videos.[1] In connection with his services, Davis signed nine contracts and corresponding royalty agreements, all of which were substantially similar. Each of the contracts provided that Davis would be paid a specified amount for his services as production manager or director of photography.[2] The relevant language of the royalty agreements was as follows:

> In exchange for the services rendered . . . , Meridian Films, Inc., (Producer) agrees to pay to Everett Davis (Production Manager) the following:
>
> a) A contract payment, the receipt of which is hereby acknowledged.
>
> b) At such time [as] the completed videotape is marketed and thirty (30) days after any royalty payments are made to Meridian, a royalty (percentage of sales) of .015% of the wholesale sales price of each videocassette sold by the Owner or its assigns.

---

[1]The parties vigorously dispute the various roles they played in the production of the videos. Davis asserts, and we must take as true for purposes of this appeal, that he was primarily responsible for the lighting design and selection of camera angles; Appellees maintain that Davis merely consulted with them on such matters and that they made the ultimate decisions as to what each camera would view at a given time. This dispute is not pertinent to our resolution of the issues on appeal.

[2]Davis provided essentially the same services for each video, regardless of his title.

*Id.* at 76.[3]

As noted above, Davis and Appellees collaborated on 17 "FIRM" videos: six "total body" workouts (The FIRM volumes 1-6); seven "FIRM Parts" videos (focusing on particular areas of the body such as abdominal muscles or legs); and four "variety" videos. Davis is identified in the credits of each video as either production manager or director of photography. Each video is prominently marked in three places—the cassette jacket, the face of the cassette, and the film itself —with a copyright notice that identifies Meridian as the sole copyright holder, *e.g.*, "© 1986 MERIDIAN FILMS, INC." *Id.* at 1267. Davis has stipulated that he was aware of this copyright notice at the time of publication of each video. Meridian also obtained copyright registrations for each video as a work for hire based upon the contributions of Anna, Cynthia, and Mark as employees of Meridian.

In the early- to mid-1990s, Appellees produced four additional "FIRM Parts" videos ("the Group B videos") without Davis' assistance. The Group B videos were composed of excerpts from previous videos that were linked together with new footage. In late 1995, upon learning that these videos had been produced, Davis submitted a demand to Meridian for over $145,000 in past-due royalty payments. Davis asserted that he was entitled to royalty payments for the portions of the original videos used in the Group B videos; he also claimed that the royalty rate specified in the agreements for Volumes 2 and 3 had been altered to his detriment some time after he signed the agreements. Although Appellees paid Davis an additional $1,261, they refused to pay him any royalties for the Group B videos, maintaining that Davis had no copyrightable interest in the original videos.

Davis thereafter brought this action in federal court. As amended, Davis' complaint states three claims.[4] First, Davis contends that he is

---

[3]The above-quoted language is from the royalty agreement relating to the second exercise video produced by Appellees, "The FIRM, Volume 2." *Id.* Although this language is not precisely the same as the language used in some of the other royalty agreements, those differences are not pertinent to our resolution of this appeal.

[4]Davis was joined in the suit by Barbara Mooneyhan, who claimed entitlement to damages for breach of contract. Mooneyhan is not a party to this appeal.

the sole author of the original 17 videos and that Meridian's preparation of derivative works (the Group B videos) constituted copyright infringement. Alternatively, Davis maintains that he is a coauthor, with Meridian, of the original videos and therefore is entitled to an accounting of profits. Davis' third cause of action is a state-law claim for breach of contract.

The district court granted judgment to Appellees in two orders. In the first order, the court concluded that Davis' claims of coauthorship as to videos 1 through 15 were barred by the statute of limitations and, based upon this conclusion, dismissed both the coauthorship and infringement claims as to those videos.[5] In the second order, the district court held that even assuming Davis was the sole author of videos 16 and 17, he had transferred his rights when he signed the royalty agreements; the court therefore dismissed Davis' infringement claims as to those videos.[6]

## II.

Davis first contends that the district court erred in dismissing his coauthorship and infringement claims as to videos 1 through 15 as time-barred. Although Davis concedes that he was aware of Meridian's assertion of sole copyright when each video was initially produced, he maintains that his coauthorship claim did not accrue until 1996, when Appellees specifically asserted that Davis possessed no copyrightable interest in the videos. We review the grant of a motion to dismiss de novo. *See Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999).

The Copyright Act of 1976 provides that copyright vests initially in the author or coauthors of a work. *See* 17 U.S.C.A. § 201(a) (West 1996). Because one coauthor cannot infringe against another,

---

[5]Prior to oral argument, we asked the parties to be prepared to address the question of whether Davis timely appealed the first order of the district court. Based upon the parties' representations at argument, we are satisfied that the appeal is timely.

[6]Having dismissed the federal claims, the district court declined to exercise jurisdiction over Davis' state law breach of contract claim. That order is not before us on appeal.

infringement and coauthorship claims are mutually exclusive. *See Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996). A coauthor who successfully sues a fellow author is entitled to an accounting of profits. *See id.* In contrast, a copyright owner whose exclusive rights have been infringed upon may obtain actual or statutory damages and injunctive relief. *See* 17 U.S.C.A. §§ 502, 504 (West 1996 & Supp. 2000); *see also* 17 U.S.C.A. § 503 (West 1996) (providing that a court may order infringing items impounded and destroyed).

Both coauthorship and infringement claims are subject to a three-year statute of limitations. *See* 17 U.S.C.A. § 507(b) (West 1996). However, this limitations period operates differently as to the different claims. A coauthorship claim accrues only once, and if an action is not brought within three years of accrual, it is forever barred. *See Zuill*, 80 F.3d at 1369. In contrast, a new infringement claim accrues with each separate infringing act; thus, while claims for infringements that occurred more than three years before an action was filed are barred, claims for infringements that occur within three years of filing suit are timely. *See Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997).

With these principles in mind, we turn to an examination of the dismissal of Davis' coauthorship and infringement claims regarding videos 1 through 15. A coauthorship claim, like any civil claim, accrues when a reasonably diligent plaintiff "knows or has reason to know of the injury upon which the claim is premised." *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996). Here, the district court correctly determined that Davis was on notice of competing claims of copyright ownership when Meridian published the videos bearing copyright notices in its name. *See id.* (holding that claim of coauthorship accrued when putative coauthors reached majority, which occurred after defendant obtained copyright that did not identify putative coauthors); *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1315-16 (S.D.N.Y. 1997) (holding that coauthorship claim accrued when plaintiff received copy of comic book bearing copyright notice that did not include plaintiff's name). As noted previously, Davis has conceded for purposes of this appeal that he was aware of Meridian's copyright claim when videos 1 through 15 were initially published between February 1, 1986 and September 28, 1994. Because each of these videos was published more than three years before Davis filed

this action on June 29, 1998, the district court properly dismissed Davis' coauthorship claims as to videos 1 through 15.

Davis maintains, however, that a claim of coauthorship accrues only upon a "plain and express repudiation of co-ownership." *Zuill*, 80 F.3d at 1369. He further contends that no express repudiation occurred until Meridian's 1996 letter claiming sole ownership of copyright in videos 1 through 17. Since the 1996 letter was within three years of the date Davis filed suit, he maintains that his coauthorship claims are timely as to all of the videos. We disagree. Even assuming that Davis is correct in his assertion that the "express repudiation" standard is somehow higher than the ordinary standard for the accrual of a civil copyright claim, Meridian's placement of a copyright notice on the videos constituted an express rejection of competing claims of authorship. *See Netzer*, 963 F. Supp. at 1315-16 (concluding that placement of copyright notice that did not include plaintiff's name constituted "[a]n express assertion of sole authorship or ownership" sufficient to start the limitations period on a coauthorship claim).

The district court erred, however, in concluding that the time-bar of Davis' coauthorship claims was also fatal to his infringement claims regarding videos 1 through 15. It is true, of course, that copyright ownership—which here would be established by Davis demonstrating that he was the sole contributor of original, copyrightable expression—is a necessary element of an infringement claim. *See Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988). However, to conclude, as the district court did, that an infringement claim is time-barred when the underlying authorship claim is time-barred would be to fail to recognize that a new infringement claim accrues every time an infringement occurs.[7] Accordingly, we reverse the portion of the order of the district court that dismissed Davis' infringement claims as to videos 1 through 15.

---

[7]There is no dispute that Davis alleged infringing acts by Meridian within the three-year limitations period.

### III.

Next, we turn to the question of whether the district court erred in dismissing Davis' infringement claims as to videos 16 and 17 on the basis that Davis transferred any and all rights he might have had.[8] In ruling on these claims, the district court assumed without deciding that Davis was the sole author—and thus was the original copyright owner—of videos 16 and 17. Nevertheless, the court concluded that the royalty agreements unambiguously transferred all of Davis' rights to Meridian. We reverse.

A copyright grants its owner the exclusive right to reproduce and distribute copies of the work; to prepare derivative works; and to perform or display the work publicly. *See* 17 U.S.C.A. § 106 (West 1996 & Supp. 2000). Ownership of a copyright may be transferred in whole or in part, and any of the exclusive rights of a copyright owner may be owned separately. *See* 17 U.S.C.A. § 201(d) (West 1996). Ownership may be transferred by sale or by the granting of an exclusive license, *see* 17 U.S.C.A. § 101 (West Supp. 2000); in either case, the transfer must be accomplished by means of a written instrument signed by the copyright owner, *see* 17 U.S.C.A. § 204(a) (West 1996). A copyright owner may also grant a nonexclusive license in one or more of the exclusive rights; such a license may be granted orally or by the conduct of the parties. *See Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 752 (11th Cir. 1997). The difference between a transfer of ownership and a grant of a nonexclusive license is critical, for a nonexclusive license may be withdrawn by the copyright owner. *See id.* at 753.

Here, the royalty agreement is inherently ambiguous regarding what rights, if any, Davis transferred to Meridian. As written, the agreement might have been intended to accomplish any of three

---

[8]There is some question as to whether the second order was a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or a grant of summary judgment pursuant to Rule 56. Davis contends that he is entitled to reversal of the order on the basis that the district court improperly converted Appellees' motion to dismiss into a motion for summary judgment. In view of our reversal of the second order on other grounds, we do not address this argument.

things: (1) it could, as the district court ruled, transfer all rights from Davis to Meridian; (2) it could transfer the exclusive rights to copy and to distribute, but not the right to prepare derivative works; or (3) it could grant a nonexclusive license to copy and distribute the work. Moreover, there appear to be substantial disputes of fact regarding the parties' intent in signing the royalty agreement. Under these circumstances, the district court erred in granting judgment to Appellees.[9]

## IV.

For the reasons set forth above, we conclude that the district court correctly dismissed, as time-barred, Davis' claims of coauthorship of videos 1 through 15. However, the court erred in dismissing Davis' infringement claims regarding these videos on limitations grounds. We further conclude that the district court erred in holding, as a matter of law, that Davis transferred all of his rights to Meridian. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*

---

[9]We note also that the district court never ruled on Davis' claims of coauthorship regarding videos 16 and 17. These claims, along with Davis' infringement claims, must be addressed by the district court on remand.