**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
**FOR THE FOURTH CIRCUIT**

EVERETT C. DAVIS; BARBARA J.
MOONEYHAM,
*Plaintiffs-Appellees,*

v.

MERIDIAN FILMS, INCORPORATED;
BENSON, BENSON & HENRIKSEN, The
Partnership; ANNA L.M. BENSON;
CYNTHIA BENSON; MARK HENRIKSEN,
*Defendants-Appellants.*

No. 02-2469

EVERETT C. DAVIS,
*Plaintiff-Appellant,*

and

BARBARA J. MOONEYHAM,
*Plaintiff,*

v.

MERIDIAN FILMS, INCORPORATED;
BENSON, BENSON & HENRIKSEN, The
Partnership; ANNA L.M. BENSON;
CYNTHIA BENSON; MARK HENRIKSEN,
*Defendants-Appellees.*

No. 03-1026

EVERETT C. DAVIS,
          *Plaintiff-Appellant,*

          v.

VIDEO GROUP, LLC; BODYLAB, LLC;
ATHENA, LLC,
          *Defendants-Appellees.*

No. 03-1346

EVERETT C. DAVIS,
          *Plaintiff-Appellee,*

          v.

VIDEO GROUP, LLC; BODYLAB, LLC;
ATHENA, LLC,
          *Defendants-Appellants.*

No. 03-1493

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Margaret B. Seymour and Terry L. Wooten, District Judges.
(CA-98-1885-25, CA-01-4535-24-3)

Argued: September 25, 2003

Decided: October 28, 2003

Before WILKINS, Chief Judge, and WIDENER and
LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Ralph Bailey, Jr., RALPH BAILEY, P.A., Greenville,
South Carolina, for Appellants. Stephen Jahue Moore, MOORE,

TAYLOR & THOMAS, P.A., West Columbia, South Carolina, for Appellees. **ON BRIEF:** James S. Craven, RALPH BAILEY, P.A., Greenville, South Carolina, for Appellants. James L. Leslie, Jr., Irmo, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellee/cross-appellant Everett Davis brought suit against appellants/cross-appellees Meridian Films, Inc., Anna Benson, Cynthia Benson and Mark Henriksen ("appellants"), raising claims for copyright infringement or an accounting of profits, and asserting state law contract causes of action. After prevailing in the district court on the substance of Davis' claims, appellants now seek review of the district court's denial of their motion for an award of attorney's fees. Meanwhile, Davis cross-appeals the district court's grant of summary judgment to appellants, and appeals a *sua sponte* order of dismissal by another district judge in a related case, who held that Davis was collaterally estopped from asserting his claims against a different group of defendants due to the order of summary judgment in favor of appellants. We affirm each of the district court orders under review.

Appellants have all been involved in the creation of a series of exercise videos that are the subject of dispute in the cases underlying this consolidated appeal.[1] In the early 1970s, the Bensons and Henriksen opened "The Firm" exercise studios in Columbia and Charleston, South Carolina. In the late 1970s, the three decided to create exercise

---

[1] We have largely adopted the statement of facts as contained in the opinion from the earlier appeal in this case, *Davis* v. *Meridian Films, Inc.*, 14 Fed. Appx. 178 (4th Cir. 2001).

videos based on the routines they had developed, which employed a combination of aerobic exercise and weight training. To this end, they formed Meridian Films, Inc.

Appellee/cross-appellant Everett Davis was contacted by appellants to provide videography services for the first seventeen videos produced by Meridian. In exchange for his services, Meridian paid Davis contractually negotiated fees and also agreed to give Davis a royalty of approximately 0.015% of the wholesale price of each videocassette sold. Davis is identified in the credits of each video as either production manager, director of photography, or lighting director. Each videocassette is prominently marked in three places — the cassette jacket, the face of the cassette, and the film itself — with a copyright notice that identifies Meridian as sole copyright holder. Davis, in turn, has stipulated that he was aware of these copyright notices at the time of publication of each video.

Beginning in the early 1990s, appellants produced four additional videos without Davis' assistance, which were composed of excerpts from previous videos that were linked together with new footage. Upon learning that these videos had been produced, Davis asserted that he was entitled to royalty payments for the portions of the original videos used in the new videos and submitted a demand to appellants for over $145,000 in past-due royalty payments. Although appellants paid Davis an additional $1,261, they maintained that Davis had no copyrightable interest in the original videos and thus refused to pay him any royalties for the new videos.

Davis subsequently registered copyrights on the seventeen videos on which he had worked and then sued in federal court, claiming that he was sole author of the original seventeen videos and that appellants' production of derivative works constituted copyright infringement; claiming in the alternative that he was a co-author with appellants and that he was therefore entitled to an accounting of profits; and asserting additional state-law breach of contract claims. On appellants' motion, the district court initially dismissed Davis' claims of co-authorship and infringement as to the first fifteen videos as time-barred, and dismissed Davis' claims as to videos sixteen and seventeen on the theory that Davis had transferred his rights when he signed the royalty agreements. This court, however, reversed the dis-

trict court's determination that the infringement claims were time-barred, reversed the district court's holding, as a matter of law, that Davis had transferred his rights, and remanded. *Davis* v. *Meridian Films, Inc.*, 14 Fed. Appx. 178 (4th Cir. 2001).

In a thorough opinion, the district court issued an order granting summary judgment to appellants. Emphasizing Davis' admissions that Anna Benson was in charge of choreography for the videos, that Henriksen shared directorial duties and had final decisionmaking authority in the editing process, and that the Bensons and Henriksen had created the concept underlying the exercise videos, the district court held that no reasonable factfinder could conclude that Davis was sole author of the videos. The district court then relied on the lack of evidence in the record to suggest that appellants ever intended any kind of co-authorship arrangement with Davis in holding that no reasonable factfinder could conclude that Davis was a co-author of the videos.[2] Having granted summary judgment, and thus disposed of the only federal claims Davis raised, the district court declined to exercise pendent jurisdiction over the remaining state law contract claims and dismissed the case. Although the district court ultimately found Davis' arguments not to be compelling, it nonetheless deemed them to be sufficiently reasonable to bar appellants' motions for an award of attorney's fees against Davis.

Finally, in a related matter in which Davis brought copyright infringement claims against a different group of defendants, another district court entered a *sua sponte* order of dismissal on grounds of collateral estoppel due to the first district court's grant of summary judgment against Davis on the authorship and co-authorship questions.

Upon review of the parties' briefs and consideration of their oral arguments, it is hereby ordered that the district court judgments which are under review in this consolidated appeal are affirmed on the reasoning of the district courts.

*AFFIRMED*

---

[2]The district court also denied Davis' motion for summary judgment, in which Davis asserted that judicial estoppel should bar appellants from arguing that Davis was not an author.